UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEO ADAMS, | ) |
|       Movant, | ) |
| v. | ) No. 4:19-CV-1309 RLW |
| UNITED STATES OF AMERICA, | ) |
|       Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Leo Adams' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) ("§ 2255 Motion"). The United States opposes the Motion (ECF No. 6), and the matter is ready for decision. For the following reasons, the Court finds the § 2255 Motion is moot and will dismiss it on that basis.

**Background**

On February 7, 2018, a federal grand jury sitting in St. Louis, Missouri, returned a single-count indictment against Adams charging him with one count of being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1). United States v. Adams, No. 4:18-CR-93 RLW (E.D. Mo.). Adams entered a plea of guilty on July 10, 2018. Pursuant to the Plea Agreement, in exchange for Adams' guilty plea the Government agreed it would not pursue additional charges arising out of his conduct on December 7, 2017, relating to possession with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug trafficking crime.

Adams appeared before the Court for sentencing on December 19, 2018. The Court sentenced Adams as an armed career criminal to a mandatory minimum term of imprisonment of 180 months, to be followed by a three-year term of supervised release.

Adams did not file a direct appeal but timely filed his § 2255 Motion on May 15, 2019. Adams asserts a single claim of ineffective assistance of counsel. Adams claims his attorney failed to research his criminal history and advise him of the possibility that he might be found to be an armed career criminal, did not provide him sufficient time to review the plea agreement prior to signing, and informed Adams he thought his sentence would be no more than 48 months. Adams asserts that after the PSR was provided to the parties, his attorney acknowledged that he failed to look into Adams' criminal history, but then made no effort to set aside the plea or contest the armed career criminal determination. (ECF No. 1 at 4.) The § 2255 motion seeks to "set aside the conviction and sentence of 180 months" (id. at 12) but does not mention the supervised release term. The United States filed an opposition to Adams' § 2255 motion (ECF No. 12). Adams did not file a reply.

Adams filed a motion for compassionate release which the Court denied without prejudice on October 16, 2020, for failure to exhaust statutory administrative remedies. The Court granted Adams' motion for reconsideration of the denial on January 11, 2021, and then granted his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). The Court declined to order Adams released immediately, but entered an Amended Judgment that reduced his sentence from 180 months to 37 months' imprisonment with three years supervised release on terms previously imposed. Adams was released from the Federal Bureau of Prisons on September 24, 2021, and is currently on supervised release.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the Court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant

2

relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice.  Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The Supreme Court has instructed that "a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).  The Court must hold an evidentiary hearing to consider claims "unless the motion, files, and record conclusively show [the movant] is not entitled to relief."  Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001).

**Discussion**

A petition for habeas corpus must be filed while the petitioner is "in custody" under sentence of a federal court.  28 U.S.C. § 2255(a); see Maleng v. Cook, 490 U.S. 488 (1989).  The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."  Id.  Once a sentence has expired, however, a habeas petitioner must show a concrete and continuing injury, i.e., a collateral consequence of the conviction, in order to continue his action.  Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Farris v. United States, No. 4:15-CV-01728 JAR, 2019 WL 316567, at *2 (E.D. Mo. Jan. 24, 2019) (citing cases).

In the present case, Adams alleges ineffective assistance of counsel and challenges the 180-month sentence that he blames on counsel's claimed error.  The Court has already vacated the judgment and sentence Adams challenges, however, and entered an Amended Judgment imposing a 37-month sentence that Adams has finished serving.  Even if the Court were to rule in Adams' favor on his ineffective assistance of counsel claim, such a ruling would have no effect.  There is no possible remedy available to shorten a term of imprisonment that Adams has completed serving, and he does not challenge the supervised release term.  Adams does not show a collateral consequence of the conviction and therefore his § 2255 motion is now moot.  See Giese v. United

States, 853 F. App'x 46, 47 (8th Cir. 2021) (dismissing as moot appeal from denial of motion to vacate sentence under § 2255, where the movant had been released from prison and his § 2255 motion alleged only ineffective assistance of counsel for failing to seek a downward departure); see also Owen v. United States, 930 F.3d 989, 990 (8th Cir. 2019) (holding that release will moot a § 2255 motion when the petitioner "challenge[s] only his term of imprisonment" and not "the term of supervised release").

**Conclusion**

For these reasons, Movant Leo Adams' § 2255 Motion is moot because he has completed serving his imposed term of imprisonment and does not show a collateral consequence of the conviction. The § 2255 Motion is subject to dismissal on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that Leo Adams' Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 1) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued in this case as the Court concludes that Adams has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or demonstrated that reasonable jurists could debate whether the Court's procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A separate Judgment will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of June, 2022.

4